[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2010
JOHN LEY
CLERK

_____

No. 09-10316

_____

D. C. Docket No. 08-00183-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIEN SHABONTA HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2010)

EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,[*] District Judge.

_____

[*]Honorable William Henry Barbour, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

PER CURIAM:

The issue in this appeal is whether the evidence presented by the government was sufficient to convict Howard of being a felon in possession of a firearm. The answer is, "Yes."

We view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. To establish insufficiency, it is not enough for the defendant to put forth a reasonable hypothesis of innocence. The possession can be either actual or constructive. "'Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed.'" United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005) (quoting United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998)).

The pertinent handgun was found in a motor vehicle which had been pursued by law enforcement for approximately 30 minutes in marked cars at speeds up to 100 mph. The chase ended when the car in which the gun was found crashed. The evidence was that Howard was the only person in the vehicle in which the gun was found. The safety on the loaded gun was off, and it was

cocked. A police officer testified that, once the vehicle crashed, the officer saw Howard moving around inside the vehicle as if he were searching for something. The gun and some drugs were found in the car. Howard told the police that the driver of the car in which he was found had run away. But a police officer who had observed the vehicle from a helicopter never saw anyone but Howard come out of the car. The government also presented the testimony of a current jail inmate who testified that he had often exchanged cocaine with Howard and that he had seen Howard with a gun in an automobile before. From this evidence, we conclude that a reasonable jury could find that Howard controlled the vehicle and knowingly exercised dominion over the handgun found in the vehicle.

AFFIRMED.